Robert D Wilson V Consumer Adjustment Co

FILED

## COMPLAINT AND JURY DEMAND

21 APR -5 PM 4:42

CLERK US DISTRICT COURT
OF TEXAS
BY _____
DEPUTY CLERK

1. NOW COMES, Plaintiff ROBERT D WILSON, individually and on behalf of all others similarly situated, and for his complaint against Defendant, r CONSUMER ADJUSTMENTS CO, under the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692 states as follows:

1:21 CV 0297 LY

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 as the action arises under the laws of the United States.

3. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

Further, Defendant's tortious conduct against Plaintiff occurred within the State of Texas and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Texas.

## STANDING

4. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

5. Defendant's collection activities violated the FDCPA

6. Plaintiff has thus suffered an injury as a result of Defendant's conduct

## PARTIES

7. Plaintiff is a 30 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Austin, Texas, which lies within the Western District of Texas.

8. Defendant is a debt collection agency that specializes in the collection of medical debts. Defendant is a limited liability company organized under the laws of the state of Missouri with its principal place of business located at 12855 Tesson Ferry Rd, St. Louis, MO 63128

9. Defendant is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendant's attempts to collect upon purported past due medical bills ("subject debts") said to be owed by Plaintiff.

12. The subject debts stem from medical services Plaintiff received from ST DAVIDS N AUSTIN ED TX  in approximately August 20.

13. In approximately early Spring 2020, Plaintiff began receiving negative reporting from the defendant to all three major credit bureau (Experian, Equifax, and TransUnion),

due or asserted to be owed or due to another for personal, family, or household purposes.

a. Violations of the FDCPA §1692c(a)(1) and §1692d

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §1692c(a)(1), d and d(5) when it repeatedly called Plaintiff absent consent for its calls and after being notified to stop and conscious credit reporting. This behavior of systematically calling plaintiff's phone on a frequent basis without consent and in spite of his demands was harassing and abusive. The frequency and volume of calls along with the consistent negative reporting to the bureaus shows that Defendant willfully violated the law and ignored Plaintiff's pleas with the goal of annoying and harassing him.

27. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

b. Violations of the FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that it never had consent and Plaintiff demanded that it stop contacting her, Defendant placed repeated calls to her cellular phone via

automated calls and using pre recorded messages. Instead of putting an end to this harassing behavior, Defendant placed repeated calls to Plaintiff's cellular phone in a deceptive attempt to force him to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system and using pre recorded messages when it never had consent and when any such hypothetical consent had been explicitly revoked by Plaintiff's demands.

c. Violations of FDCPA § 1692f

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission and after Plaintiff repeatedly asked that the phone calls stop is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT D WILSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A); Per Violation

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and removing every instance of a negative report from all aforementioned credit bureaus

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 2, 2021 Respectfully submitted,

s/ Robert D Wilson

PLAINTIFF


Admitted in the Western District of Texas

Robert.wilson1294@gmail.com

(979) 450-0263 (Phone)

Address: 2818 Kramer Ln, Unit 4442, Austin Tx, 78758